# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GHOLSTON, | CASE NO. 1:09-cv-01343-YNP PC |
| Plaintiff, | ORDER |
| v. | (Doc. 6) |
| DERRAL G. ADAMS, et al., | |
| Defendants. | |

Plaintiff Jesse Gholston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Before the Court is Plaintiff's motion for reconsideration, filed on August 24, 2009. (Doc. #6.) Plaintiff asks the Court to reconsider its order denying Plaintiff's motion to appoint counsel. Plaintiff filed his motion for appointment of counsel on July 31, 2009. (Doc. #3.) The Court denied Plaintiff's motion on August 5, 2009. (Doc. #5.)

**I.    Plaintiff's Motion**

Plaintiff alleges that he is a 50-year-old developmentally disabled and illiterate inmate. Plaintiff filed the complaint in this action with the assistance of a fellow inmate, described as a "legal service provider." Plaintiff claims that he is unable to adequately articulate his claims on his own. Plaintiff requests an "unambiguous ruling" clarifying the Court's denial of his motion for appointment of counsel. Plaintiff also requests that the Court intervene to prevent prison officials from transferring Plaintiff's "legal service provider" to another prison.

///

### A. **Reconsideration**

Although Plaintiff styles his motion as one for reconsideration, the Court finds that Plaintiff is not entitled to reconsideration. Local Rule 78-230(k)(3) requires that a party requesting reconsideration show "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." Plaintiff has not alleged any basis for reconsideration. Plaintiff has not alleged any new or different facts or circumstances that did not exist when the Court ruled on his motion for appointment of counsel. Closer examination of his motion reveals that he is requesting clarification, not reconsideration. Plaintiff's motion for reconsideration will therefore be denied.

### B. **Clarification**

Although Plaintiff's motion is titled a motion for reconsideration, Plaintiff does not appear to be requesting reconsideration. Plaintiff requests that the Court issue an "unambiguous ruling" that either confirms or clarifies Plaintiff's interpretation of the Courts denial of his motion for appointment of counsel. Plaintiff believes that the Court denied his motion because the Court found that "the rape and beatings of developmentally disabled inmates by other prisoners occur so frequently, and are overlooked by Staff so frequently, there is no case for exceptional circumstance, that would warrant the Court to seek voluntary assistance of Counsel for this disabled prisoner." (Plaintiff's Mot. for Reconsideration to Appoint Counsel 2:18-22.)

Plaintiff's motion for appointment of counsel was primarily denied because the Court has no reasonable method of securing and compensating counsel. Put more simply, it is difficult for the Court to find lawyers who are willing to volunteer their services to accept cases like Plaintiff's. As such, the Court will only engage in the extremely difficult endeavor of searching for the voluntary assistance of counsel when a pro se prisoner's case is exceptional. In determining whether a case is exceptional, the Court looks to the likelihood of success on the merits of the case, the ability of the plaintiff to articulate his claims pro se, and the complexity of the legal issues involved. The Court did not deny Plaintiff's motion for appointment of counsel because "the rape and beatings of developmentally disabled inmates . . . occurs so frequently."

///

Analyzing Plaintiff's claims, the Court notes that at this stage in litigation, the Court simply cannot make a finding that Plaintiff's claim has a sufficient likelihood of success on the merits to warrant the appointment of counsel. The Court dismissed Plaintiff's complaint with leave to amend because the facts alleged by Plaintiff did not amount to any constitutional violations. While Plaintiff has alleged difficulty in his ability to articulate his claims pro se due to disability, the Court does not find that the exceptional factors necessary to justify appointment of counsel exist in this case.

### C.  Temporary Restraining Order

Plaintiff requests that the Court intervene in the pending transfer of Plaintiff's "legal service provider." Plaintiff claims that his "legal service provider," Ernest Brooks, is scheduled to be transferred to another prison and Plaintiff is unable to articulate his claims on his own. Plaintiff requests that the Court "designate this LSP as Plaintiff's 'next friend', and also request that the pending transfer of this LSP be delayed until after these proceedings." Plaintiff has provided no legal authority that authorizes the relief that he seeks.

Plaintiff is advised that a motion for reconsideration is not the proper method for obtaining the relief that he seeks. Plaintiff's request that the Court intervene to prevent the transfer of his "legal service provider" is essential a request for a temporary restraining order. Should Plaintiff opt to file a motion for a temporary restraining order, Plaintiff is advised that Federal Rule of Civil Procedure 65(b) authorizes the Court to issue a temporary restraining order without written or oral notice to the adverse party only if "specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury, loss or damage will result to the movant before the adverse party can be heard in opposition." The purpose of a temporary restraining order is to preserve the status quo of the parties and prevent irreparable harm only as long as necessary to hold a hearing. Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers, 415 U.S. 423, 439 (1974). The Court notes that Defendants have not yet been served or made an appearance, and that there is no indication that they have otherwise been notified of Plaintiff's request for injunctive relief. Plaintiff is advised that under Federal Rule of Civil Procedure 65(b)(1)(B), a party requesting a temporary restraining order without written or oral notice to the adverse party must "certify in writing any efforts made to give notice and the reasons why it should not be required."

3

## II. Conclusion and Order

The Court has reviewed Plaintiff's motion and finds that Plaintiff is not entitled to reconsideration of the Court's denial of Plaintiff's motion for appointment of counsel. Plaintiff has not alleged any new or different facts or circumstances that justify reconsideration.

Based on the foregoing, it is HEREBY ORDERED that Plaintiff's motion for reconsideration, filed on August 24, 2009, is DENIED

IT IS SO ORDERED.

Dated: **January 8, 2010**              /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE