# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE GHOLSTON, | CASE NO. 1:09-cv-01343-OWW-GBC PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| DERRAL G. ADAMS, et al., | (Doc. 16) |
| Defendants. | THIRTY-DAY DEADLINE |

## I. Screening Requirement

Plaintiff Jesse Gholston ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. The complaint in this action was filed on July 31, 2009. (Doc. 1.) On December 29, 2009, the complaint was dismissed, with leave to amend, for failure to state a claim. (Doc. 7.) Currently pending before the Court is the first amended complaint, filed April 9, 2010. (Doc. 16.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C § 1915(e)(2)(B).

In determining whether a complaint states a claim, the Court looks to the pleading standard under Federal Rule of Civil Procedure 8(a). Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

1

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 555 (2007)).

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S. Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Further, although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 129 S. Ct. at 1949. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (quoting Twombly, 550 U.S. at 555).

**II.     Complaint Allegations**

Plaintiff, a developmentally disabled inmate in the custody of the Department of Corrections and Rehabilitation, is incarcerated at California State Prison, Corcoran. In February 2007, Plaintiff was placed in a cell due to a involuntary cell assignment. (Doc. 16, ¶ 12; p. 13.) Plaintiff, fearful of the change, was told by correctional officers that his new cellmate was an "alright standup guy." (Id., ¶¶ 13, 14.) Within twenty four hours of being placed in the new cell, Plaintiff was raped and beaten by his cellmate, inmate Briggs. (Id., ¶ 14.) Inmate Briggs identified himself as a member of the "Black Gorilla Family" and told Plaintiff that if he told what had happened he would be killed. Plaintiff believed he would be killed if he told anyone what had occurred. (Id., ¶ 17.)

Every day Plaintiff requested that he be moved to a new cell, but did not tell correctional officers why because he was "under duress." (Id., ¶ 15.) On one occasion, Plaintiff went to Defendant A. Morrison and begged to be moved to another cell "while tears ran down his face" and Defendant told him "to man-up." (Id., ¶ 18.) Plaintiff alleges that on numerous occasions officers shined their flashlights into the cell and they observed "Plaintiff pinned under his rapist['s] massive

body in such close proximity that they would have seen the tears streaming down the Plaintiff's pain filled/terror stricken face and, the sweat of his attacker dripping down onto the Plaintiff's body" without intervening. (Id., ¶¶ 19, 23.) After several months of being raped and beaten every day, Plaintiff told a sergeant what was occurring and he was removed from the cell. (Id., p. 15.)

Count One

Plaintiff alleges that Defendants R. Gaulden, Lloren, J. Bernal, M. Groeneveld, and A. Morrison were deliberately indifferent to his safety by ignoring his constant requests to be moved to a different cell. (Id., ¶ 22.)

Count Two

Plaintiff alleges that Defendant Warden Derral Adams did not assure that staff complied with the "extensive custody staff training module[]s" to assure the safety protocol established for the developmentally impaired under the Clark v. California remedial plan.[1] (Id., ¶ Defendant Adams "knew or should have known that his conduct, attitudes and actions created an unreasonable risk of serious harm to [P]laintiff." (Id., ¶ 32.)

Plaintiff is seeking declaratory relief that the actions of Defendants violated his federal rights and compensatory and punitive damages. (Id., § VI.) For the reasons set forth below, Plaintiff has failed to state a cognizable claim for relief. Plaintiff shall be given one final opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

**III.   Discussion**

Liability under section 1983 exists where a defendant "acting under the color of law" has deprived the plaintiff "of a right secured by the Constitution or laws of the United States." Jensen v. Lane County, 222 F.3d 570, 574 (9th Cir. 2000). To prove a violation of the Eighth Amendment the plaintiff must "objectively show that he was deprived of something 'sufficiently serious,' and make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010) (citations omitted).

---

[1] It appears that Plaintiff is referencing Clark v. State of California, 123 F.3d 1267 (9th Cir. 1997), a class action suit brought by state inmates suffering from developmental disabilities seeking injunctive relief against the state under the Americans with Disabilities Act and Rehabilitation Act.

3

Deliberate indifference requires a showing that "prison officials were aware of a "substantial risk of serious harm" to an inmates health or safety and that there was no "reasonable justification for the deprivation, in spite of that risk." Id. (quoting Farmer v. Brennan, 511 U.S. 825, 837, 844 (1994)). Officials may be aware of the risk because it is obvious. Thomas, 611 F.3d at 1152.

Although Plaintiff's allegation that he was beaten and raped is "sufficiently serious," the claim that he continually asked to be moved to a different cell is insufficient to show that any named Defendant was aware of a risk of harm. Thomas, 611 F.3d at 1150. Plaintiff did not mention to any Defendant the reason that he was requesting a cell reassignment  Although Plaintiff alleges that he was beaten daily and that some unknown officers shined a light in the cell while he was being abused, there is nothing to indicate that any of the named Defendants were aware of the conduct. Also, Plaintiff does not allege that he spoke with Defendants, other than Defendant Morrison, about his need to be moved to a different cell. Therefore Plaintiff has failed to state a cognizable claim.

Plaintiff may not pursue any claims for equitable relief for violations of the consent decree, such claims must be pursued through the consent decree or class counsel. Frost v. Symington, 197 F.3d 348, 358-59 (9th Cir. 1999); Crayton v. Terhune, No. C 98-4386 CRB(PR), 2002 WL 31093590, *4 (N.D. Cal. Sept. 17, 2002). Although Plaintiff may be able to pursue a damages claim under section 1983, Hiser v. Franklin, 94 F.3d 1287, 1291 (9th Cir. 1996), the conclusory allegations set forth in Plaintiff's complaint do not support such a claim for a damages claim under section 1983. Nor does the statement that Defendant Adams "knew or should have known" link Defendant Adams to knowledge of any risk of harm to Plaintiff or an act or failure to act in response. Iqbal, 129 S. Ct. at 1948.

**IV.     Conclusion and Order**

For the reasons stated, Plaintiff's complaint does not state a cognizable claim for relief for a violation of his constitutional rights. Plaintiff is granted one final opportunity to file an amended complaint within thirty days in compliance with this order and the order issued on December 29, 2009. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Iqbal, 129 S. Ct. at 1948-49. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, filed April 9, 2010, is dismissed for failure to state a claim upon which relief may be granted under section 1983;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   January 5, 2011

UNITED STATES MAGISTRATE JUDGE